IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**KELLY VANG**
2160 Ridgecrest Trail
Green Bay, WI 54313

       Plaintiff,

Case No. 15-cv-153

vs.

**JACOBS ENGINEERING GROUP, INC.**      **(Jury Demand)**
155 North Lake Avenue
Pasadena, CA 91101

       Defendant.

## COMPLAINT

The Plaintiff, by her attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Rachel A. Krueger, seeks redress from defendant for committing discriminatory acts against her on the basis of her disabilities in violation of the Americans with Disabilities Act Amendments Act ("ADAAA") and on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 and 1991. Plaintiff further seeks redress from defendant for its violation of the Family Medical Leave Act. Plaintiff, for her Complaint against Defendant, requests back pay, compensatory, punitive, and liquidated damages and other appropriate relief for her injuries. Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

1

2. Venue is appropriate in the Western District of Wisconsin under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices occurred in this State.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Vang filed a timely Charge of Discrimination with the United States Equal Employment Opportunities Commission (EEOC) on February 28, 2014, within 300 days after the unlawful employment practices occurred.

4. On December 9, 2014, upon Vang's request, the EEOC issued a Notice of Right to Sue and this action is brought within 90 days after her receipt of said Notice. A true and correct copy of the Right to Sue Letter is attached hereto as Exhibit A.

## PARTIES

5. The Plaintiff, Kelly Vang ("Vang"), is an adult resident of the State of Wisconsin.

6. Vang is an "employee" within the definition of the American's with Disability Act (ADA), Title VII, and Family Medical Leave Act (FMLA).

7. The Defendant, Jacobs Engineering Group, Inc. ("Jacobs") is a Delaware Corporation doing business in Wisconsin.

8. Jacobs is an "employer" within the definition of the ADA, Title VII, and FMLA.

9. Jacobs has more than 50 employees within a 75-mile radius.

## FACTUAL ALLEGATIONS

10. Vang began working as a receptionist with Jacobs through a staffing agency in June 2003.

11. In December 2003, Vang was hired by Jacobs as a Project Services Secretary.

12. Vang was promoted several times throughout the next several years.

13. In 2008, Vang relocated to California at the request of Jacobs.

14. Vang returned to Wisconsin in 2010 and was working out of Jacobs' Green Bay Office until she was terminated on August 13, 2013.

15. On the date of her termination, Vang was working as a CAE Systems Lead Position.

16. Vang's main job duties consisted of coordinating technological projects and providing technical support to clients for the Green Bay and Appleton Offices. She also provided support remotely for several other sites around the country.

17. Jacobs alleged a "general lack of work" as the reason for Vang's layoff.

18. Vang applied for FMLA leave in June 2013 due to her "serious health conditions," specifically her severe migraines and a bladder condition.

19. Vang was approved for intermittent FMLA leave.

20. Vang was eligible for intermittent FMLA leave at the time of her termination.

21. Vang is considered disabled as a result of her conditions as that term is contemplated by the American with Disabilities Act, 42 U.S.C. § 12112, *et. seq.*

22. Vang's disabilities substantially limit her ability to work.

23. The serious nature and severity of Vang's disabilities are permanent.

24. Vang's disabilities also significantly restrict her ability to perform a broad range of jobs in various classes throughout the entire employment field.

25. Vang is a female.

26. Upon information and belief, Vang's male supervisors made the decision to terminate Vang.

27. Upon information and belief, Vang's co-workers who were also providing CAE technological support to Jacobs' clients did not have a "disability" at the time of the layoff.

28. Vang's male co-workers who were providing similar CAE technological support to Jacobs' clients were not laid off.

29. Upon information and belief, Vang's co-workers who were also providing CAE technological support to Jacobs' clients were not eligible for intermittent leave at the time of the layoff.

### FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111, et. seq.

Vang re-alleges and re-incorporates paragraphs one (1) through twenty-nine (29) as if set forth fully herein.

30. Vang is considered disabled as a result of her conditions as that term is contemplated by the American with Disabilities Act, 42 U.S.C. § 12112, *et. seq.*

31. Vang was qualified to perform the essential functions of the job, with or without reasonable accommodation.

32. Vang suffered adverse employment action in the form of a termination through "lay off."

33. Vang was terminated due to her disabilities, in violation of the Americans with Disabilities Act.

### SECOND CAUSE OF ACTION: VIOLATION OF TITLE VII

Vang re-alleges and re-incorporates paragraphs one (1) through thirty-three (33) as if set forth fully herein.

34. Jacobs has discriminated against Vang on the basis of her gender by terminating her employment due to her sex.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT: VIOLATION OF THE FEDERAL FAMILY & MEDICAL LEAVE ACT

Vang re-alleges and re-incorporates paragraphs one (1) through thirty-four (34) as if set forth fully herein.

35. By engaging in the conduct described above, Jacobs willfully interfered with Vang's FMLA rights when it terminated her employment because of her use of FMLA leave.

36. By engaging in the conduct described above, Jacobs retaliated against Vang for her use of FMLA leave.

WHEREFORE, Plaintiff demands Judgment against Defendant, awarding her:

A. Reinstatement, back pay and all other compensation, including benefits;

B. Compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

C. Punitive damages for Jacobs' malicious and reckless conduct described above.

D. Liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

E. Pre- and post-judgment interest;

F. An award of Plaintiff's reasonable attorneys' fees, reasonable expert fees, and costs incurred in this action;

G. Such other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests that this matter be tried before a jury of six competent persons.

Dated this 9th day of March 2015.

**HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiff, Kelly Vang*

By: /s/ Nicholas E. Fairweather
Nicholas E. Fairweather, State Bar No. 1036681
Email: nfairweather@hq-law.com
Rachel A. Krueger, State Bar No. 1081882
Email: rkrueger@hq-law.com
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608 257-0040
Facsimile: 608-256-0236

6