IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLY VANG,

        Plaintiff,

v.

JACOBS ENGINEERING GROUP, INC.,

        Defendant.

OPINION & ORDER

15-cv-153-jdp

---

Plaintiff Kelly Vang sued her former employer, defendant Jacobs Engineering Group, Inc., for violating the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Dkt. 1. The court has federal jurisdiction over her claims under 28 U.S.C. § 1331. Although the alleged violations occurred in Green Bay, Wisconsin, Vang filed her complaint in the Western District of Wisconsin. Jacobs Engineering has moved to transfer the case to the Eastern District of Wisconsin. Dkt. 10. Because this district is not an appropriate venue for the FMLA claim, the court will transfer it to the Eastern District under 28 U.S.C. § 1406. And for both convenience and the interest of justice, the court will also transfer the ADA and Title VII claims to the Eastern District of Wisconsin under 28 U.S.C. § 1404.

## ANALYSIS

The court may transfer this case to any district where "it might have been brought," if transferring it serves "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a). The court may also transfer the case if venue here is improper. 28

U.S.C. § 1406(a). As the moving party, Jacobs Engineering bears the burden to prove that transferring the case is both convenient and just. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

By statute, venue for Vang's Title VII and ADA claims would be proper in any district in the state where the alleged discrimination took place; that is, in either the Eastern or Western Districts of Wisconsin. 42 U.S.C. § 2000e-5(f)(3); *see also* 42 U.S.C. § 12117. But the same cannot be said of Vang's FMLA claim in this district. That claim is subject to a different statute, 28 U.S.C. § 1391(b), which provides that venue is proper either where the defendant resides or where a substantial part of the events giving rise to the claim occurred. If there is no district that meets either requirement, then venue is proper where the defendant is subject to the court's personal jurisdiction. § 1391(b)(3).

Jacobs Engineering is a Delaware corporation with a location in Green Bay, Wisconsin. At the time of the alleged events, Vang worked at Jacobs Engineering's Green Bay office, and she lived in Green Bay. Dkt. 12, at ¶¶ 3-4. The events underlying Vang's claims also took place in Green Bay. So there *is* a district that meets the requirements of the FMLA venue statute and venue is proper in the Eastern District. To cure the venue defect, the court may choose to dismiss or transfer the FMLA claim to the Eastern District where venue is proper. 28 U.S.C. § 1406(a).

Although the Title VII and ADA claims could proceed in the Western District, the court may also transfer those claims for the convenience of the parties and the interest of justice. 28 U.S.C. § 1404(a). Both claims could have been brought in the Eastern District of Wisconsin, so venue would be proper there. *See* 42 U.S.C. § 2000e-5(f)(3). And for the reasons described above, the Eastern District is the more convenient forum for both of the

parties and their witnesses. *See U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008) ("The more tenuous a party's relation to the forum, the weaker its case for litigating there."). Transferring the entire case to the Eastern District would also serve the interests of justice because all of Vang's claims could be litigated there together. The alternatives—dismissing the FMLA claim to be re-filed elsewhere or transferring it to be separately litigated in the Eastern District—would be highly inefficient. *Coffey*, 796 F.2d at 221 (describing how judicial efficiency serves the "interest of justice."). Moreover, the Eastern District is fully capable of managing the case in a timely and competent manner. Accordingly, the court will transfer the entire case to the Eastern District of Wisconsin.

## ORDER

IT IS ORDERED that:

1. Defendant Jacobs Engineering Group, Inc's motion to transfer, Dkt. 10, is GRANTED.

2. This case is transferred to the United States District Court for the Eastern District of Wisconsin, Green Bay Division.

Entered November 12, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge